# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    )
    )
      v.    )    I.D. No. 1606016610A & B
    )
NIGEL CAMPBELL,    )
    )
    Defendant.    )

Submitted: October 21, 2019
Decided: November 19, 2019

*Upon Defendant's Motion for Postconviction and Amended Motion for
Postconviction Relief,*
**DENIED.**

*Upon Postconviction Relief Counsel's Motion to Withdraw,*
**GRANTED.**

## ORDER

Timothy Maguire, Esquire, Deputy Attorney General, Department of Justice, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Patrick J. Collins, Esquire, Collins & Associates, 716 North Tatnall Street, Suite 300, Wilmington, DE 19801, Attorney for Defendant Nigel Campbell.

**WHARTON, J.**

This 19th day of November, 2019, upon consideration of Defendant Nigel Campbell's ("Campbell") timely *pro se* Motion for Postconviction Relief ("MPCR") and amended *pro se* Motion for Postconviction Relief ("AMPCR"),[1] appointed postconviction counsel's Motion to Withdraw as Counsel,[2] the affidavits of trial counsel responding to Campbell original *pro se* MPCR and his AMPCR,[3] the State's Response to Counsel's Motion to Withdraw,[4] Campbell's Reply to trial counsel's affidavits and the State's Response,[5] and the record in this matter, it appears to the Court that:

1.     Campbell was found guilty by a jury in a bifurcated trial of Possession of a Firearm During the Commission of a Felony ("PFDCF"), Aggravated Possession of Cocaine, Possession of Heroin, and Act of Intimidation in the first phase of the trial, and Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP") in the second phase, all on March 24, 2017. He was sentenced to 32 years at Level 5, suspended after 17 years for probation. On April 6, 2018, the Delaware Supreme Court affirmed Campbell's conviction and sentence.[6]

---

[1] D.I. 70, 98. (Docket Item numbers refer to the "A" case).
[2] D.I. 82.
[3] D.I. 92, 100.
[4] D.I. 99.
[5] D.I. 102.
[6] *Campbell v. State,* 2018 WL 1709669 (Del. 2018).

2.      Campbell filed his timely first MPCR pursuant to Superior Court Criminal Rule 61 *pro se* on September 13, 2018.[7]      Campbell also moved for appointment of counsel.[8]  The Court granted Campbell's request for counsel on September 27, 2018.[9]  On March 21, 2019, appointed postconviction relief counsel Patrick J. Collins, Esquire, moved to withdraw as counsel after he reviewed the record and the applicable law, and concluded that Campbell's postconviction claims were wholly without merit and that no other substantial grounds for relief were available to him.[10]  Campbell filed his Points for the Court to Consider in Response to PCR Counsel's Motion to Withdraw on May 23, 2019.[11]  Pursuant to the Court's Order expanding the record, trial counsel filed an affidavit in response to the MPCR on July 23, 2019.[12]  Prior to the State submitting a response to the motion to withdraw, the Court granted Campbell's request for leave to ament the MPCR.[13]  Campbell filed his *pro se* AMPCR on August 21, 2109.[14]  Trial counsel submitted an additional affidavit in response to the AMPCR.[15]  The State submitted its response on September 23, 2019.[16]  Campbell submitted a *pro se* reply on October 21, 2019.[17]

---

[7] D.I. 70.
[8] D.I. 71.
[9] D.I. 74.
[10] D.I. 82.
[11] D.I. 89.
[12] D.I. 92.
[13] D.I. 97.
[14] D.I. 98.
[15] D.I. 100.
[16] D.I. 99.
[17] D.I. 102.

3.     In his MPCR, Campbell presses three claims of ineffective assistance of counsel ("IAC").[18]  First, he alleges trial counsel was ineffective in "Fail[ing] to properly litigate 4th Amendment issue and file meritorious motion to suppress."[19] Second, he alleges trial counsel "Fail[ed] to object to improper statement by prosecutor about elements of constructive pos[session]."[20]  Finally, he alleges that trial counsel, "Failed to request a motion for acquittal in Trial B for the charges of PFBPP and PABPP."[21]  In his AMPCR, Campbell adds a claim that his trial counsel was ineffective in failing to provide him with copies of the preliminary hearing transcript despite being requested to do so "numerous" times.[22]

4.     PCR counsel addresses Campbell's first three claims in his motion to withdraw.  With respect to Campbell's first claim that trial counsel did not properly litigate the suppression motion, PCR counsel believes that claim is procedurally barred as previously litigated, or if not barred, then without merit since the suppression motion was effectively litigated.[23]  As to the second claim that the prosecutor misstated the law on constructive possession, PCR counsel did not locate any comments by the prosecutor about constructive possession in either the "A" or

---

[18] D.I. 70.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] D.I. 98.
[23] D.I. 82 at 16.

4

"B" trials.[24] Finally, PCR counsel finds that there was no merit to a motion for judgment of acquittal in the "B" case.[25]

5.     In his affidavit addressing Campbell's MPCR, trial counsel points out, *inter alia,* that Campbell, as a probationer, did not have the same 4th Amendment protections as someone who was not on probation, that constructive possession was not an issue in the "B" trial, since his possession of the firearm had been established in the "A" trial, and that there was no meritorious basis for a motion for judgment of acquittal in the "B" trial.[26] In response to the Campbell's AMPCR, trial counsel states that, because hearsay testimony is permissible at preliminary hearings, the testifying officer relied heavily on the affidavit of probable cause, and that hearsay testimony was later confirmed through discovery, the suppression hearing or witness testimony.[27] In short, trial counsel believed that the preliminary hearing transcript would have added nothing to Campbell's defense and would not have affected the outcome of the trial.[28]

6.     For its part, the State essentially mirrors the analysis of PCR counsel with respect to the IAC claims in Campbell's MPCR.[29] As to Campbell's supplemental IAC claim in his AMPCR, the State argues that failure to provide

---

[24] *Id.*
[25] *Id.*
[26] D.I. 92.
[27] *Id.*
[28] *Id.*
[29] D.I. 99.

5

Campbell with transcripts neither was a performance deficiency on counsel's part, nor prejudicial to Campbell.[30]

7. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[31] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[32] Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[33] A second or subsequent motion is repetitive and therefore barred.[34] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[35] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[36] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice

---

[30] *Id.*
[31] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[32] *Id.*
[33] Super. Ct. Crim. R. 61(i)(1).
[34] Super. Ct. Crim. R. 61(i)(2).
[35] Super. Ct. Crim. R. 61(d)(2)(i).
[36] Super. Ct. Crim. R. 61(d)(2)(ii).

from [the] violation."[37]   Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[38]

8. The MPCR and AMPCR constitute a timely first motion for postconviction relief, alleging IAC. The court disagrees with PCR counsel and the State that the suppression claim is procedurally barred. The MPCR raises an IAC claim that the motion was not litigated effectively. It is true that the suppression issue was presented to both this Court and the Delaware Supreme Court. While the rulings of this Court and the Supreme Court certainly are relevant to the *Strickland* analysis of this claim, counsel's effectiveness in litigating that issue was not determined previously. Accordingly, the Court will consider the motion on its merits.

9.   To succeed on an IAC claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him or her of a fair trial with reliable results.[39] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[40] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[41] "[A] court must indulge in a strong presumption that counsel's conduct

---

[37] Super. Ct. Crim. R. 61(i)(3).
[38] Super. Ct. Crim. R. 61(i)(4).
[39] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[40] *Id.* at 667-68.
[41] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

7

falls within the wide range of reasonable professional assistance."[42] A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[43] An inmate must satisfy the proof requirements of both prongs to succeed on an IAC of counsel claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[44] Here, Campbell cannot demonstrate either that counsel's performance was deficient on any of the issues that he raises, or that he was prejudiced.

10. The Court turns first to the claims Campbell raised in his MPCR. The first of those claims is that trial counsel ineffectively litigated the suppression motion. The Court has reviewed the transcripts of the hearing, the parties post-hearing submissions and Campbell's extensive arguments. The Court finds that trial counsel's performance in litigating the suppression motion on Campbell's behalf was not deficient. In fact, it met or exceeded the relevant objective standard of reasonableness. Further, the Court has reviewed the rulings of both this Court and the Delaware Supreme Court and finds that Campbell has suffered no prejudice because of the claimed deficiencies in counsel's performance. Regarding Campbell's assertion that the prosecutor misstated the elements of constructive

---

[42] *Strickland*, 446 U.S. at 689.
[43] *Id.* at 694.
[44] *Strickland*, 466 U.S. at 697; *Ploof v. State*, 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").

8

possession, that not to be true. The prosecutor stated in closing in the "A" case, "…there's constructive possession, defendant had the power and intention, at any given time, to exer - - at any given time to exercise control over the substance either directly or through another person."[45] The Court's instruction on constructive possession, read:

> Constructive possession means that the substance was within the Defendant's reasonable control, that is, in Defendant's person, premises, belongings or vehicle. **In other words,** Defendant had constructive possession over a substance if Defendant had both the power and intention, at any given time, to exercise control over the substance, either directly or through another person. (Emphasis added).[46]

By quoting directly from the explanatory portion of the jury instruction, beginning with "In other words…" the prosecutor did not misstate the definition of constructive possession. He merely quoted the alternative phrasing of constructive possession given by the Court. In the "B" trial, the prosecutor did not discuss constructive possession. Therefore, this claim has no merit. The final argument in the MPCR is that trial counsel was ineffective in failing to move for judgment of acquittal in the "B" trial. Inasmuch as there was no basis to support such a motion, counsel's performance in declining to move for judgment of acquittal was not deficient, and Campbell suffered no prejudice.

---

[45] Trial Tr. mar. 23, 2017 at 17.
[46] Jury Instructions at 8,9, D.I. 42.

9

11.    The Court now turns to the lone issue brought in the AMPCR.  Having reviewed the preliminary hearing transcript and Campbell's argument, about it, the Court fails to see how its production would have aided the defense or would have affected the outcome of the trial.  For those reasons, the failure to produce it, even in the face of Campbell's demands to do so, did not constitute performance deficiency on counsel's part or prejudice to Campbell.

**THEREFORE,** the Campbell's Motion for Postconviction Relief and Amended Motion for Postconviction Relief are **DENIED.**

Postconviction relief counsel's Motion to Withdraw as Counsel is **GRANTED.**

**IT IS SO ORDERED.**

Ferris W. Wharton, J.

10